By the Court. Sandford, J.
We have frequently decided the principal question involved in these cases, and have supposed the law applicable to it, was perfectly established in this state. *208 The plaintiff’s counsel relied upon the case of Russell v. Minor, (22 Wend. 656,) as deciding a different rule from that enforced at the trial, and we have examined the subject anew, with the view of putting it at rest, so far as this court is concerned.
The question arises upon the delivery of goods, which have been sold conditionally, as for cash or for indorsed notes. The fact that the sale was conditional, is not at all conclusive; for, however numerous the conditions of the sale, if the vendor deliver the goods absolutely to the ptuchaser, the title vests in the latter. On a frill consideration of the matter, we are satisfied that the well-settled rule of law is this:—Where goods are sold, to be paid for on delivery, either in cash or commercial paper, and the goods are delivered without exacting the money or the securities, such delivery is absolute, and a complete title vests in the purchaser, unless the delivery was procured by fraud.
A mere expectation that the buyer will comply with the terms of the sale, does not qualify the delivery or affect its character. Such expectation exists in every sale, conditional or otherwise. If the seller intend to make the delivery conditional, he must do it in express terms. The very act of delivering the goods without at the same time obtaining the stipulated payment or security, imports a waiver of the terms of the sale. The seller cannot, when doing that act, rely upon his mental reservation that he still looks for a performance of the condition, and does not intend to pass the title of the goods.
There is no hardship in this principle of law. If the seller is unwilling to trust to the personal responsibility of the buyer for the performance of the terms of the sale, it is only necessary for bim either to refuse to deliver without- a simultaneous performance, or to attach the express condition to the delivery. In the latter event he will be safe, except against hon& fide purchasers without notice. A contrary rule world lead to great confusion, as is the tendency of every deviation from the general principle that the possession of personal property is evidence of title.
In Chapman v. Lathrop (6 Cowen 110,) the supreme court held the title to have passed by the delivery, on a sale made for cash; the goods having been removed by the buyer to his own *209 store without payment, -and without any express condition or reservation, although payment was demanded on the following day.
In Lupin v. Marie, (6 Wend. 77,) which was in the court for the correction of errors, the goods were sold on the 24th of August, to be paid for in notes of the buyer, and were delivered the next day without the notes being exacted or given. The buyer failed on the fourth of September, and on the fifth the seller demanded the goods, claiming that the delivery had been conditional, and the title had not passed. On the ninth of September, the seller assigned the goods, with his other property, for the benefit of his creditors. The court decided that the delivery without requiring the notes, or annexing any condition, was a waiver of the condition on which the sale was made; the buyer became the absolute owner of the goods, and the title passed to his voluntary assignee.
In Furniss v Hone, (8 Wend. 247,) in the same court, where on a sale of goods at auction, the sellers failed to prove that the delivery was on the condition claimed by them, it was decided that the same was absolute, and the title vested in the buyer. Mr. Justice Kelson, and Senator W. H. Maynard, in their opinions, affirmed the general doctrine which we have laid down.
In the case of The People v. Haynes, in the same court, (14 Wend. 546,) the chancellor said, that where goods are sold upon the understanding that they are to be' paid for on delivery, if they aré delivered without insisting upon payment at the time of the delivery, the title passes absolutely to the purchaser, unless there is a special agreement, or a usage of trade, by which it is made conditional. Senator Tracy, in the same case, said if goods sold for securities, were actually delivered to the purchaser, without any arrangement as to the security for the payment, the vendor’s lien upon them was gone ; and to constitute a conditional delivery, it was necessary the condition should be express. The case before the court was not one of a conditional sale; but the positions laid down by the members of the court were pertinent to the conclusion adopted, which was unanimous.
*210 Chancellor Kent fully concurs in this doctrine as to the effect of delivery. It is true he makes an exception upon usage in particular cases, and speaks of the seller’s exacting or expecting payment as qualifying a delivery; but it is evident from the illustrations which follow, that the learned commentator had in view an expectation, expressed at the time, and attached to the act of delivery. Indeed, no other could have been supposed; for an expectation locked up in the seller’s own bosom could have no possible influence upon his act in delivering, even with the buyer’s title or right thereby acquired. (2 Kent’s Comm. 496.)
The plaintiffs referred to Haggerty v. Palmer, 6 John. Ch. R. 437, and Keeler v. Field, 1 Paige, 312. In the former the delivery was held to be conditional, upon the force of a usage admitted to exist, known to the buyer and to his assignee, and the force of it not called in question. In Keeler v. Field there was an express condition annexed to the shipment and delivery of the goods.
The case of Russell v. Minor, 22 Wend. 659, was this :— Minor had contracted for a quantity of paper, for which he was to give his note. A part of the paper was brought to him, and he was asked for his note for the price of that portion. He declined giving it until the residue was delivered, when he would give his note.for the whole; but he said the parcel brought could remain until then. When the residue was offered he would not give his note, and replevin was brought for the parcel first delivered. The supreme court nonsuited the plaintiff, and the court of errors reversed the judgment, by a divided court, and against the opinion of the chancellor and Senators Maynard and Verplanck. The majority of the court held that the partial delivery was conditional, because of Minor’s express promise at the time to give a note when the residue was delivered. This, it will be observed, was an express condition proposed by the buyer in answer to the seller’s demand of a note as a term of the delivery. It, therefore, does not conflict with the position that there must be an express condition annexed to, or qualifying the act of delivery, to prevent it from vesting the title. Another good reason existed in that case for holding the delivery *211 to have been conditional, in the fact that it was not a full performance of the seller’s contract, (which was to make a single delivery of the entire quantity at once,) and it was received and accepted conditionally by the buyer. He simply suffered the paper to be left, and to remain until the residue was brought, and the contract thereby performed. Of course, he could not afterwards claim that the delivery which he received conditionally, was an absolute and unqualified delivery on the part of the seller.
The supreme judicial court of Massachusetts has settled the law in accordance with the view of it which we have uniformly entertained. In Carlton v. Sumner, (4 Pick. 516,) goods were sold, for which the buyer’s acceptances were to be given. They were, by his order, put on board a vessel, without the acceptances being given, and the same day were attached upon a debt owing by the purchaser. It was held that the vendor could not retain the goods.
In Smith v. Dennie, (6 Pick. 262), a quantity of sugar was sold, on the express condition that an indorsed note should be given for the price. The sugar was delivered to the buyer by the seller’s clerk, without anything being said as to the condition ; but the seller knew of it the following day. The note was not given, and eight days afterwards the goods were attached as the property of the buyer. It was decided that the delivery was absolute. The court said, “ The principle is, that if the vendor who has sold upon condition, permit the vendee to take the goods without exacting of him a compliance with the terms of the sale, he shall be presumed to have abandoned the security he intended, and to trust to the personal security of the vendee.”
In the first case before us, it is contended that there was sufficient evidence in the pencil memorandum made by Lynes, on the receipt dated March 7th, relative to not sending the notes, to be submitted to the jury, as proof that the notes were demanded when that delivery was made. In our opinion it was quite unimportant whether such a demand was proved or not; if made, it was not complied with, and the goods were left with Lynes, without any reservation or condition. If it be said Smith was not present to assert the condition, we answer, first, he should have *212 sent the goods with proper instructions ; and second, he should have repudiated the delivery, immediately on the return of his agent. But there was a difficulty in the way of any inference which would qualify the delivery of March Uh, in the fact that there were similar deliveries of goods on the 22d and 28th of January, and the 8th and 14th of February, for which no notes were given, and which, with that of March Ith, form the subject of the suit. The pencil note was as applicable to each and all of those, as to the last parcel sent; and in any way of applying it, could not sustain the presumption that a condition was attached to either of the deliveries. Considering the manner in which the goods had been sent to Lynes from time to time, the fact that almost eight weeks had elapsed between the delivery of a part of those claimed and the demand made for the notes or a return of the goods, and the entire absence of proof that any condition or qualification was attached to either of the parcels delivered, the case was altogether too bald to go to the jury, and the plaintiff was properly non-suited. *
The second suit at bar, (Read & Hoppock's,) is in its facts precisely .like that of Chapman v. Lathrop, before cited. The sale was for cash, the goods were delivered on the buyer’s order without any condition imposed, and the price was demanded five or six days afterwards. The plaintiffs farther offered to prove, that by the custom and usage of merchants in this city, the seller retained a lien for the price of goods sold for cash and delivered as these were, and that the delivery was conditional by such usage.
Tin's the judge rejected, because the custom alleged was contrary to law; and in this he was undoubtedly right. (Hone v. Mutual Safety. Ins. Co., 1 Sand. 137.)
The plaintiffs also claimed the right to present the case to the jury on the ground of fraud; but there was not a particle of evidence from which fraud could be inferred.
The nonsuits were right in both suits, and the motion in each for a new trial must be denied.